# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN GJUROVICH, et al., | CASE NO. 1:12-cv-00481-LJO-SKO |
| Plaintiffs, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFFS' COMPLAINT BE DISMISSED WITHOUT PREJUDICE** |
| v. | |
| DONNY YOUNGBLOOD, et al., | |
| Defendants. | **OBJECTIONS DUE: 21 DAYS** |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

On March 29, 2012, Plaintiffs Alan Gjurovich and Star Hills ("Plaintiffs"), representing themselves *propria persona*, filed a complaint against Defendants Donny Youngblood, Mark Surrel, Rick Waters, and Doe Defendants ("Defendants"). (Doc. 1.) The complaint sets forth Plaintiffs' address as "temporary mailing location: care of: general post near: [Porterville, California] non domestic without the U.S." (Doc. 1, 1:1-4.)

On April 2, 2012, the Court issued civil new case documents and summonses as to Defendants. (Docs. 2-5.) A scheduling conference was set for July 19, 2012, before Magistrate Judge Sheila K. Oberto. (Doc. 2.) The case documents and the summonses were mailed to Plaintiffs via U.S. mail on April 2, 2012, to the address provided in the complaint; all documents were returned as "undeliverable, attempted not known" on April 5 and 9, 2012.

Plaintiffs did not file a proof of service of the summonses and complaint as to Defendants. On July 11, 2012, the Court issued a Minute Order stating: "As the docket does not reflect the defendants in this case have been served, and no answer having been filed, the Scheduling

Conference set for 7/19/2012, is vacated." (Doc. 6 (emphasis omitted).) The Minute Order was mailed to Plaintiffs at the address indicated in the complaint on July 11, 2012, and was returned as "undeliverable, insufficient address, unable to forward" on July 19, 2012.

For the reasons set forth below, the Court RECOMMENDS that Plaintiffs' complaint be DISMISSED without prejudice pursuant to the Local Rules of the United States District Court, Eastern District of California, Rule 183(b).

## II. DISCUSSION

Local Rule 183(b) provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Here, Plaintiffs' complaint indicates that their "temporary address" is "care of: general post near [Porterville, California] non domestic without the U.S." (Doc. 1, 1:1-4.) The Clerk of the Court first directed mail to Plaintiffs via the U.S. Postal Service on April 2, 2012, and that mail was returned to the Court on April 5 and 9, 2012, as "undeliverable, attempted not known." (Docs. 2-5.)

Plaintiffs have not provided the Court with a current address, and more than sixty-three (63) days have passed since mail from the Court was first returned by the U.S. Postal Service as undeliverable. Further, the Court attempted to serve the July 11, 2012, Minute Order on Plaintiffs via U.S. mail to the same address; the mail was returned as undeliverable, insufficient address, unable to forward.

The Court has no way to contact Plaintiffs; the address set forth in the complaint is invalid and Plaintiffs have not provided the Court with an updated address. As such, pursuant to Local Rule 183(b), "the Court may dismiss the action without prejudice for failure to prosecute."

## III. CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the complaint be DISMISSED without prejudice pursuant to Local Rule 183(b) due to Plaintiffs' failure to provide the Court with a current, valid address.

1   These findings and recommendations are submitted to the district judge assigned to this
2   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one
3   (21) days of service of this recommendation, any party may file written objections to these findings
4   and recommendations with the Court and serve a copy on all parties.  Such a document should be
5   captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge
6   will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.
7   § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may
8   waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
9   IT IS SO ORDERED.
10  **Dated:    August 13, 2012**                              /s/ Sheila K. Oberto
                                                          UNITED STATES MAGISTRATE JUDGE